## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **BURTON DUPEE** | : | **CIVIL ACTION NO.** |
| **Plaintiff** | : | |
| | : | |
| **V.** | : | **3:13-CV-01185 (RNC)** |
| | : | |
| **HOYT LIVERY, INC., SANTO** | : | |
| **SILVESTRO and LYNDA SILVESTRO** | : | |
| **Defendants** | : | **February 20, 2014** |

## AMENDED COMPLAINT

### I.     INTRODUCTION

1.     This is an action for compensatory damages, liquidated damages, punitive damages and

attorney's fees brought pursuant to the Fair Labor Standards Act, 29 U.S.C. Section 201

*et seq.* ("FLSA"), the Connecticut Minimum Wage Act, Conn. Gen. Stat. Section 31-58

*et seq.* ("CMWA") and the common law of the State of Connecticut.

### II.     JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. Section

1331.

3.     This Court has jurisdiction over Plaintiff's CMWA and common law claims pursuant to

28 U.S.C. Section 1367 since they are so related to the FLSA claims that they form part

of the same case or controversy.

4.     Venue is proper in this district under 28 U.S.C. Section 1391 because the acts or

omissions giving rise to the claims in this Complaint took place in this district.

**III.    PARTIES**

5.    Plaintiff, Burton Dupee ("Dupee"), is an individual residing in New Canaan, Connecticut.  At all times relevant to this Complaint, Plaintiff was an employee of Defendants, as that term is defined in the FLSA and CMWA.

6.    Defendant, Hoyt Livery, Inc. ("Hoyt"), is a Connecticut corporation with a principal place of business located at 21 Cross Street, New Canaan, Connecticut.  At all times relevant to this Complaint, Hoyt was Dupee's employer, as that term is defined in the FLSA and CMWA.

7.    Defendant, Santo Silvestro ("Santo"), is the President and Treasurer of Hoyt.

8.    Defendant, Lynda Silvestro ("Lynda"), is the Vice President and Secretary of Hoyt.

9.    At all times relevant to this Complaint, Santo and/or Lynda were the individuals within Hoyt with the authority to set Dupee's hours of employment and to pay Dupee's wages, and Santo's and/or Lynda's exercise of that authority was the direct cause of Hoyt's failure to pay Dupee's wages as set forth below.  Accordingly, Santo and Lynda each were Dupee's employers, as that term is defined in the FLSA and CMWA.

**IV.    FACTS**

10.    From approximately March 9, 2012 through July 11, 2013, Dupee was employed by Hoyt, Santo and Lynda as a limousine driver, responsible for picking up and driving Defendants' customers to specified locations.

11.    Dupee customarily and regularly worked between 50 and 100 hours per week, but was not paid overtime compensation at a rate of one-and-one-half times his regular rate of pay for all hours over 40 per week, as required by the CMWA and FLSA.

12.	Dupee worked more than 40 hours per week in every week but five between March 9, 2012 and July 10, 2013, but was not paid overtime compensation in any week.

13.	In approximately April, 2013, Dupee made a complaint to the United States Department of Labor ("DOL") regarding the Defendants' failure to pay overtime and unauthorized deductions from pay.

14.	In approximately June, 2013, Santo learned of Dupee's complaint to the DOL.

15.	Santo responded to learning of Dupee's complaint to the DOL with anger, and directed Dupee and other limousine drivers to falsify their time sheets to reflect no more than 40 hours worked per week because he wasn't "going to pay one fucking dime of overtime."

16.	On July 11, 2013, Hoyt, Lynda and Santo fired Dupee because he was allegedly trying to "ruin" Hoyt.

17.	Dupee's termination was in direct retaliation for having complained to the DOL.

**V.	COUNT ONE –FAILURE TO PAY OVERTIME PURSUANT TO THE FLSA**

18.	Based on the foregoing, Defendants' failure to pay Dupee overtime compensation was a willful violation of the FLSA.

19.	Accordingly, Dupee is entitled to compensation for all overtime hours worked, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. Section 216(b).

**VI.	COUNT TWO – FAILURE TO PAY OVERTIME PURSUANT TO THE CMWA**

20.	Based on the foregoing, Defendants' failure to pay Dupee overtime compensation was a willful violation of the CMWA.

21.	Defendants' conduct in violating this law was unreasonable, arbitrary and/or in bad faith.

22. Accordingly, Dupee is entitled to twice the full amount of the unpaid wages, less any amount actually paid to him by Defendants, with costs and such reasonable attorney's fees as may be allowed by the court, pursuant to Connecticut General Statutes Section 31-68.

**VII. COUNT THREE – ILLEGAL RETALIATION IN VIOLATION OF THE FLSA**

23. Based on the foregoing, Defendants retaliated against Dupee for having complained to the DOL, in willful violation of 29 U.S.C. Section 215(a)(3).

24. As a result of Defendants' illegal conduct, Dupee has suffered lost wages and other damages.

25. Accordingly, Dupee is entitled to compensation for his lost wages and other damages, liquidated damages, attorneys' fees and court costs, pursuant to 29 U.S.C. Section 216(b).

**VIII.  DEMAND FOR RELIEF**

Plaintiff claims:

a.      Unpaid overtime wages under the FLSA and CMWA;

b.      Liquidated damages under the FLSA;

c.      Penalty damages under CMWA;

d.      Compensatory damages;

e.      Punitive damages;

f.      Interest and costs;

g.      Attorneys' fees under the FLSA and CMWA; and

h.      Such other and further relief as the Court deems just and equitable.

**IX.      JURY DEMAND**

Plaintiff demands a trial by jury for all issues so triable.

Plaintiff, Burton Dupee

By:        _____/s/_____
Anthony J. Pantuso, III
The Quinn Law Firm, LLC
204 Broad Street
Milford, CT 06460
Fed No.: ct11638
(203) 877-5400
(203) 877-5416 (facsimile)
apantuso@quinn-lawfirm.com
Attorneys for the Plaintiff

## CERTIFICATION OF SERVICE

I certify that on **February 20, 2014** the foregoing **Amended Complaint** was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the notice of electronic filing. Parties may access this filing through the Court's CM/ECF system.

/s/

Anthony J. Pantuso, III
